UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH ALAN HUGHES,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>  Defendant. | NO:  12-CV-0168-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment, ECF Nos. 16 and 20.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  There being no reason to delay a decision, the hearing set for March 10, 2014, is vacated and this matter is submitted without oral argument.

Kenneth Alan Hughes seeks judicial review of the Commissioner's final decision denying him Title II Disability Insurance Benefits and Title XVI Supplemental Security Income.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 688 F.3d 1144, 1149 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See Molina v. Astrue*, 674 F.3d at 1110; 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§

404.1520(a)(4)(i); 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c); 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to make an assessment of the claimant's "residual functional capacity."  Residual functional

capacity ("RFC"), defined generally as the most that the claimant can still do in a work setting despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Molina v. Astrue*, 674 F.3d at 1111; *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income payments on April 20, 2009, Tr. 128-42, alleging a disability onset date of March 15, 2009. Tr. 135. Plaintiff was 27 years old on his alleged disability onset date. Tr. 10, 128, 135. The parties are fully familiar with Plaintiff's infirmities and there is no reason to recount them in this public record. Plaintiff's applications were denied initially and upon reconsideration. Tr. 10, 65-76, 78-83. He requested a hearing by an administrative law judge (ALJ), Tr. 88-89, and on May 27, 2010, he appeared, accompanied by counsel and testified at the hearing. Tr. 10, 24-64. Thereafter, the ALJ found Plaintiff was not disabled through June 16, 2010, as the ALJ found Plaintiff could perform his past relevant work as a construction worker and materials handler as actually and generally performed. Tr. 18. In the alternative, the ALJ found this "younger individual"

could make an adjustment to other work existing in significant numbers in the national economy. Tr. 18-19.

The Appeals Council denied review, Tr. 1-5, making the ALJ's decision the Commissioner's final decision subject to judicial review.

## ISSUES

Plaintiff raises three contentions for review: 1) that the ALJ's step two finding is flawed; 2) that the ALJ improperly evaluated the medical evidence; and 3) that the ALJ's hypothetical question to the vocational expert was incomplete or unsupported by the record. ECF No. 17 at 9-13.

The Commissioner contends he supported the final decision in this matter with substantial evidence and it is free of any harmful legal error.

## DISCUSSION

**A. The ALJ's Finding of Lack of Severe Impairment at Step 2**

Plaintiff contends Dr. Arnold diagnosed a personality disorder, not otherwise specified, that "presumably" resulted in moderate limitations, but the ALJ failed to find Plaintiff had a severe impairment at step 2. ECF No. 17 at 10.

The Commissioner contends Plaintiff has not identified any of these additional limitations. ECF No. 21 at 12. Alternatively, the Commissioner contends that any error in finding the impairment non-severe at step two is

harmless because the ALJ proceeded with the sequential evaluation process and accounted for any resulting limitations. *Id*.

Plaintiff bears the burden to establish the existence of a severe impairment or combination of impairments, which prevent him from performing substantial gainful activity, and that the impairment or combination of impairments lasted for at least twelve continuous months. 20 C.F.R. §§ 404.1505, 404.1512; 416.905, 416.912; *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001). An impairment, to be considered severe, must significantly limit an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment(s) that is "not severe" must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities. SSR 96-3P, 1996 WL 374181.

In September 2005, John Arnold, Ph.D., performed a psychological evaluation of Plaintiff for the Washington State Department of Social and Health Services. Tr. 322-27. Dr. Arnold indicated that Plaintiff's MMPI-2 test results were "not suggestive of severe psych problems." Tr. 325. Dr. Arnold noted some moderate "functional limitations" on the checklist form. Tr. 324. If these limitations are the ones Plaintiff now complains about, which is not at all clear

from his briefing, then he is mistaken as to their weight.[1]  In isolation these limitations appear significant, in context of the entire report they are not.  On this historical 2005 checklist evaluation, Dr. Arnold indicated that he expected these limitations to last a minimum and maximum of only 6 months.  Tr. 325.  He also opined that mental health intervention, specifically "social skills/conflict resolution training" would restore or substantially improve Plaintiff's ability to work.  Tr. 325.

The ALJ exhaustively reviewed and recounted all of the medical and "non-medical" evidence submitted.  Tr. 14-18.  The residual functional capacity determined by the ALJ correlated and accounted for the findings and opinions of Dr. Quackenbush, Dr. Gentile, Dr. Mee, Dr. Arnold, Dr. Staley, Dr. Scottolini, Ms. Nelson, MSW, and Plaintiff's mother, Ms. Schlecht.  Tr. 18.

The Court determines that substantial evidence in the record supports the ALJ's decision.

//

//

---

[1] Later in his briefing, Plaintiff complains about one moderate limitation Dr. Arnold checked in 2005: "Ability to respond appropriately to and tolerate the pressure and expectations of a normal work setting."  ECF No. 17 at 12; Tr. 324.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

### B. The ALJ's Evaluation of the Medical Evidence

Plaintiff contends the ALJ did not consider "all the limitations given by" two psychological evaluations and the DDS records. ECF No. 17 at 11. Plaintiff again fails to mention what additional limitations were left out of the ALJ's assessment. Without any more specificity, the Court is left to speculate as to what Plaintiff's argument would be. Plaintiff provides no argument or analysis whatsoever, and may well have waived this issue. In an abundance of caution, the Court has reviewed the two psychological evaluations and the DDS records.

Plaintiff's recitation of the facts does however acknowledge that Dr. Quackenbush questioned whether Plaintiff could tolerate the pressures and expectations of full-time work. In July 2009, Dr. Quackenbush observed that Plaintiff was then currently employed on a part-time basis and had been able to maintain this position for approximately 1.5 years. Tr. 291. Dr. Quackenbush then commented: "Whether Claimant can effectively tolerate the pressures and expectations of a full-time work setting could be questioned. Mental health counseling may prove beneficial in terms of bolstering Claimant's general coping skills." Tr. 291. Dr. Quackenbush did not opine that Plaintiff could not tolerate the stress and in fact offered that counseling may prove beneficial.

//

//

1    The Court discerns that neither Dr. Quackenbush's question nor anything
2    else in the record detracts from the substantial evidence supporting the ALJ's
3    determination.

### C. The ALJ's Hypothetical Question to the Vocational Expert

Plaintiff challenges the ALJ's hypothetical question to the vocational expert for not including additional limitations. Specifically, he faults the hypothetical question for not including "at least moderate limitations in the ability to respond appropriately to and tolerate the pressure and expectations of a normal work setting." ECF No. 17 at 12.

The Commissioner contends the hypothetical question appropriately included only those limitations that were supported by substantial evidence in the record.

The question posed to the vocational expert included, in relevant part:

> . . . could you tell me if there are jobs available . . . This individual would be able to do only simple, routine, and repetitive one-to-three step tasks. Avoid detailed work. Only occasional interaction with the public and coworkers. And, this individual should work with things, for the most part, rather than people. Would any of Mr. Hughes' jobs still be viable?

Tr. 60. In response to the hypothetical question posed by the ALJ, the vocational expert testified Plaintiff could perform his past relevant work as a construction worker II and materials handler. Tr. 60-61. Thus, the ALJ found the Plaintiff was not disabled at step 4 of the sequential evaluation process. Tr. 18. In the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

alternative, the ALJ proceeded to step 5 and found Plaintiff could make an adjustment to other work existing in significant numbers in the national economy and gave the following example: industrial cleaner with approximately 3.5 million jobs in the national economy and approximately 45,000 jobs in the region. Tr. 18-19. This finding was based on the vocational expert's testimony in response to the hypothetical question posed earlier. Tr. 61.

The limitations found by the ALJ and no others were supported by substantial evidence.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 16, is **DENIED**.
2. Defendant's Motion for Summary Judgment, ECF No. 20, is **GRANTED**.
3. The hearing set for March 10, 2014, is **VACATED.**

The District Court Executive is hereby directed to file this Order, enter Judgment accordingly, furnish copies to counsel, and **CLOSE** this file.

**DATED** this 7th day of November, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge